### ALBERT F. SMALL *vs.* CITY OF BROCKTON.

Plymouth.    March 7, 1900. — March 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Eminent Domain — Damages — Taking without Injury to Petitioner.*

A petitioner to recover damages for the taking by the respondent city under the St. of 1888, c. 309, of his dam, water rights, and other real estate, having conveyed his dam to the respondent, which the respondent may at any time take down, has lost the means of flowing the lands above, and the taking has done him no injury.

PETITION, to recover damages for the taking by the respondent, under the St. of 1888, c. 309, of his dam, water rights, and other real estate. At the trial in the Superior Court, before

*Lilley*, J., the petitioner made certain offers of proof, and put in evidence the reports of an auditor. The judge thereupon directed a verdict for the respondent. If the direction was right, the verdict was to stand; otherwise, the verdict was to ˅ be set aside and a new trial ordered. The facts appear in the opinion.

*G. C. Abbott*, (*R. Lund* with him,) for the petitioner.

*H. Kingman*, for the respondent, submitted the case on a brief.

LATHROP, J. By the St. of 1888, c. 309, § 1, the city council of Brockton was given the right to adopt a system of drainage. By § 2, the board of mayor and aldermen of the city was empowered, for the purpose of surface drainage, within the limits of the city, to alter, change, widen, straighten, and deepen the channels of any brooks or natural streams, and to take and hold, by purchase or otherwise, such lands, water rights, dams, easements, or other real estate within the limits of the city, as said board of mayor and aldermen might adjudge necessary.

The petitioner was the owner of certain land, including a mill and dam across a natural stream, and of certain water rights connected therewith. On June 30, 1892, he entered into an agreement under seal with the respondent, by the terms of which he, in consideration of $25,000, covenanted to convey to the respondent a certain parcel of land described by metes and bounds, " together with any and all rights which I now own to flow any lands the surface of which is below the level of my dam." The petitioner reserved an island in the pond, and some land included in the premises described.

On July 1, 1892, the board of aldermen took the premises which the petitioner agreed to convey, together " with the right and the easement to flow all lands covered by said waters thereby, and all other water rights of flowage appurtenant to and connected therewith, meaning and intending hereby to include all the water privilege and rights of flowage owned by the late Chandler Sprague."

On July 15, 1892, the petitioner, in consideration of $25,000, released to the respondent by a quitclaim deed the land and water rights described in the agreement of June 30.

It appears that the dam was included in the land conveyed to the respondent, and that the dam was thirty-two inches high

above the sill; and that in the spring and other seasons of high water, the water had been raised by means of the dam eleven and one-half inches above the rest of the dam.

The contention of the petitioner is that as he agreed to convey and did convey only his water rights to the level of the dam, he has lost by the taking the right to flow the land above, which he had by virtue of the eleven and one-half inches of water. But the only means which the petitioner had of raising the eleven and one-half inches of water was his dam, which he conveyed to the respondent, and which the latter might, at any time, take down. If, as he contends, he has lost the right to sell to upper riparian proprietors his right of flowage, it is in consequence of his own act in conveying the only means which he had to flow their lands. And we see no ground upon which this petition can be maintained.          *Verdict to stand.*